**In re: Mindy Jaye ZIED–CAMPBELL, Petitioner.**

No. 08–2613.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
June 12, 2008.

Filed June 27, 2008.

Mindy Jaye Zied–Campbell, Philadelphia, PA, pro se.

Michael L. Harvey, Esq., Harrisburg, PA, for Estelle Richman, Secretary, Pennsylvania Department of Public Welfare, Stephanie Ludwig, Supervisor, York County Assistance Office, Yvette Kane.

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Mindy Jaye Zied–Campbell presents a mandamus petition through which she challenges some of the District Court's decisions in her civil rights suit. Specifically, she argues that the District Court violated a clear duty on April 23, 2008, when it denied her request to waive PACER[1] fees. She also contends that the District Court should have granted her motion for reconsideration and vacated its March 30, 2007, 2007 WL 1031399, order granting in part and denying in part the defendants' motion for judgment on the pleadings. She asks that we issue a writ of mandamus requiring the District Court to vacate its orders of March 30, 2007, and April 23, 2008, 2008 WL 1883063.

We will deny Zied–Campbell's mandamus petition. Mandamus is an extraordinary remedy. *See Kerr v. U.S. Dist.Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used … only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id.* (citations omitted). To win mandamus relief for a "judicial usurpation of power" or a "clear abuse of discretion," a petitioner must show that she has "no other adequate means to attain the desired relief," (so as to prevent the writ from being used a substitute for appeal) and "a right to the writ [that] is clear and indis-

---

1. PACER, an acronym for Public Access to Electronic Records, is a service that provides electronic access via the Internet to case and docket information from the federal courts.

putable." *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (citations omitted); see also *In re Patenaude,* 210 F.3d 135, 141 (3d Cir.2000).

Zied–Campbell, who asks us to direct the District Court to vacate its orders, attempts to shoe-horn an appeal into a petition for writ of mandamus. However, mandamus is not a substitute for appeal. *See Cheney,* 542 U.S. at 380, 124 S.Ct. 2576; *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996). Zied–Campbell cannot show that she is without an adequate means for relief. At some time, she may renew her arguments that she showed cause for a waiver of the PACER fees and that the District Court abused its discretion in denying her motion for reconsideration in an appeal from the District Court's decisions. Accordingly, mandamus relief is not appropriate here.